UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

WAYMOND B. THOMAS,

        Petitioner,                  Case No. 1:13-cv-1371

v.                                          Honorable Gordon J. Quist

KENNETH MCKEE,

        Respondent.

_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I. Factual Allegations

Petitioner Waymond B. Thomas presently is incarcerated by the Michigan Department of Corrections (MDOC) at the Bellamy Creek Correctional Facility. In 1986, he pleaded nolo contendere in Genesee County Circuit Court to receiving stolen property, Mich. Comp. Laws § 750.535. On June 12, 1990, the court sentenced him to a prison term of two to five years. According to his MDOC profile, he is currently incarcerated under other sentences issued in 1990 and 1992. *See* http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=209201.

On June 30, 2011, Petitioner filed a motion in state court to withdraw his plea. His motion was denied on July 15, 2011. The court held that the motion was untimely and that Petitioner could not seek relief from judgment under subchapter 6.500 of the Michigan Court Rules because he had already filed a motion for relief from judgment. (*See* 07/15/2011 Order Denying Def.'s Mot. for Relief from J., docket #3-1, Page ID#55.) Petitioner appealed the denial of his motion, and the Michigan Court of Appeals denied his appeal on December 20, 2011. Petitioner then appealed to the Michigan Supreme Court, which denied leave to appeal on December 26, 2012. Petitioner filed the instant action in December 2013, claiming that: (1) the state court lacked jurisdiction to accept the plea; (2) the state court violated his right to due process by accepting the plea without ascertaining whether Petitioner, who had a "borderline retarded" IQ at the time, was able to intelligently waive his rights; (3) he is innocent of the charged offense and his plea was not knowingly and voluntarily made due to ineffective assistance of counsel; (4) the plea lacked a sufficient factual basis; (5) the judge accepting his plea failed to state on the record why the plea was appropriate; (6) the state court lost jurisdiction over him because it failed to file a judgment of

sentence; and (7) he was deprived of due process because he was not informed of his right to appeal or his right to counsel on appeal. (*See* Mem. of Law in Supp. of Pet., docket #3, Page ID##25-26.)

## II. Statute of Limitations

Petitioner's application must be dismissed because it is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to paragraph eight of Petitioner's application, he did not appeal his conviction to the Michigan Court of Appeals. The

one-year limitations period, however, did not begin to run until the period in which he could have sought review expired. His conviction, therefore, became final on December 12, 1991, when the eighteen-month period for filing an application for leave to appeal in the Michigan Court of Appeals expired. *See* Mich. Ct. R. 7.205(F) (Oct. 1, 1989).

A petitioner whose conviction became final prior to the effective date of the AEDPA, April 24, 1996, has one year from the effective date in which to file his petition. *Payton v. Brigano*, 256 F.3d 405, 407 (6th Cir. 2001); *Searcy v. Carter*, 246 F.3d 515, 517 (6th Cir. 2001). Thus, Petitioner had until April 24, 1997, to file his petition. Petitioner filed on or about December 23, 2013.[1] Obviously, he filed more than one year after the limitations period expired.

Though Petitioner filed a motion for relief from judgment in 2011, that motion did not extend the limitations period. Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton*, 256 F.3d at 408. Once the limitations period is expired, collateral petitions can no longer serve to avoid the statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of a motion for relief from judgment does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004)

---

[1]Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on December 23, 2013, and it was received by the Court on December 27, 2013. Thus, it must have been handed to prison officials for mailing at some time between those two dates. For purposes of this Report and Recommendation, I have given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

(citing *McClendon*, 329 F.3d at 490). Because Petitioner's one-year period expired in 1997, his motion filed in 2011 did not revive the limitations period.

The one-year limitations period applicable to § 2254 is subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen*, 366 F.3d at 401. The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 130 S. Ct. at 2562 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329) (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 1936.

In the instant case, although Petitioner claims that he is innocent of the crime charged, he proffers no new evidence of his innocence, let alone evidence that makes it more likely than not that no reasonable jury would have convicted him. *See Schlup*, 513 U.S. at 329. Because Petitioner has wholly failed to provide evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His habeas petition therefore is time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day*, 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

## Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated: February 6, 2014        /s/ Hugh W. Brenneman, Jr.
                               HUGH W. BRENNEMAN, JR.
                               United States Magistrate Judge


## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).