UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

WAYMOND B. THOMAS,

       Petitioner,

v.                                      Case No. 1:13-CV-1371

KENNETH MCKEE,                   HON. GORDON J. QUIST

       Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

On February 6, 2014, Magistrate Judge Carmody issued a Report and Recommendation (R & R) recommending that the Court dismiss Petitioner's petition for writ of habeas corpus because it is barred by the one-year statute of limitations set forth in 28 U.S.C. § 2254(d)(1)(A). (R & R at 4–5.) The magistrate judge also concluded that Petitioner failed to put forth any facts demonstrating that he is entitled to equitable tolling. (R & R at 5.) Finally, the magistrate judge concluded that Petitioner has failed to provide evidence of actual innocence. (R & R at 6.)

Petitioner has filed Objections to the R & R, in which he claims that the statute of limitations does not bar his petition because Petitioner was never ordered to serve probation, and the June 12, 1990 judgment for violating probation is therefore void.

After conducting a *de novo* review of the R & R, as well as Petitioner's Objections, the Court concludes that the R & R should be adopted.

Petitioner's void judgment argument fails to relieve his petition from the limitations bar. The Sixth Circuit has stated:

> In order to constitute a "judgment" under §§ 2244(d) and 2254, a state court judgment need not be unassailable, or even *prima facie* correct. If a judgment that was procured by a procedure that violated federal constitutional rights were sufficient to render a petitioner not in custody "pursuant to the judgment of a state court" for the purpose of §§ 2244(d) and 2254, then the habeas regime embodied in these provisions would be substantially undermined. Clearly this interpretation of these statutes cannot be correct.

*Frazier v. Moore*, 252 F. App'x 1, 5 (6th Cir. 2007). Courts have thus held that a petitioner may not avoid the one-year statute of limitations by asserting that the judgment is void. *See, e.g.*, *Worthy v. Warden, Chillicothe Corr. Inst.*, No. 2:12-CV-652, 2013 WL 4458798, at *2 (S.D. Ohio Aug. 19, 2013) ("[I]t does not matter, for purposes of determining if the statute of limitations has run that petitioner claims to be in custody pursuant to a defective, void, or illegal judgment rendered by a state court. The fact remains that this claim had to brought within one year of the date on which the judgment became final and non-appealable[.]"); *Shoatz v. Diguglielmo*, No. 07-cv-5424, 2011 WL 767397, at *1 n.2 (E.D. Pa. Feb. 25, 2011) ("Petitioner cites no other caselaw supporting his argument that this court may ignore the strict one-year limitation period of 28 U.S.C. § 2244 simply because his claim questions the jurisdiction of the state trial court and the validity of its judgment."). Accordingly, Petitioner's void judgment argument does not save his petition from the statute of limitations. Therefore, the Court will dismiss the petition as untimely.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473,

120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claim was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued February 6, 2014 (dkt. # 5) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DENIED** because it is barred by the one-year statute of limitations.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is DENIED.

This case is **concluded**.


Dated: March 11, 2014                             /s/ Gordon J. Quist
                                                      GORDON J. QUIST
                                       UNITED STATES DISTRICT JUDGE